
03/09/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| CLOVIS . PRINCE, § | Case No. 09-43627 | |
| § | (Chapter 7) | |
| Debtor. § | | |
| §  | | |
| § | | |
| AT&T MOBILITY LLC, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. Proc. No. 10-4044 | |
| § | | |
| CLOVIS L. PRINCE, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDERS**
**REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

AT&T Mobility LLC ("AT&T") initiated this action against the Debtor, Clovis L. Prince, in which it seeks a judgment denying the Debtor a discharge in bankruptcy or, alternatively, a judgment that the Debtor's obligations to AT&T are non-dischargeable. This matter is before the Court on AT&T's motion seeking a summary judgment that the Debtor's discharge should be denied pursuant to 11 U.S.C. §§ 727(a)(2), (3) and (4) based on the Debtor's conviction of multiple counts of bankruptcy fraud. The Debtor opposes AT&T's motion. The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J).

**SUMMARY JUDGMENT STANDARD**

AT&T brings its motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56,

1

which provides that summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(c)(2). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting former FED. R. CIV. P. 56(c)).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. Here, since an objecting creditor has the burden of proof in an action seeking to deny a debtor a discharge, the plaintiff must support its motion with credible evidence -- using any of the materials specified in Rule 56(c)(2) -- that would entitle it to a directed verdict if not controverted at trial. *See Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991). *See also* FED. R. BANKR. P. 4005 (providing that the plaintiff has the burden of proof in objecting to discharge).

## BACKGROUND

AT&T's motion and the Debtor's response set forth the following body of uncontested facts.

The Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on November 13, 2009. On September 19, 2010, AT&T timely filed proof of its unsecured claim in the amount of $875,301.00. The Debtor did not file any objections or responses

to AT&T's claim. Accordingly, the Code deems AT&T's claim an allowed claim. *See* 11 U.S.C. § 502(a).

Prior to bankruptcy, AT&T entered into a master construction agreement with C. Prince & Associates Consulting, Inc. ("Prince Consulting") pursuant to which Prince Consulting acted as a contractor for the design, acquisition, construction and/or modification of AT&T's cellular telephone cites. Prince Consulting is wholly owned by the Debtor. Crown Project Management, Inc. ("Crown"), which also is wholly owned by the Debtor, then entered into an agreement with CMS Wireless, LLC ("CMS") to perform work in connection with the master construction agreement. AT&T advanced funds to Prince Consulting, but approximately $850,000 failed to make its way to CMS. Prince Consulting and Crown filed chapter 7 bankruptcy petitions in November 2009.[1] CMS has filed claims in their cases as well as mechanic's and materialmen's liens against AT&T's property interests.

AT&T initiated this adversary proceeding on February 12, 2010. In its adversary complaint, AT&T seeks a determination that the debts owed to it by the Debtor are non-dischargeable under §§ 523(a)(3) or (a)(4) of the Bankruptcy Code or, alternatively, that the Debtor should be denied a discharge under § 727(a) of the Code. AT&T specifically alleges that the Debtor made a false oath by deliberately failing to list it as a creditor in his sworn schedules and that he engaged in fraud or defalcation prior to filing for bankruptcy by stealing, embezzling, or otherwise converting to his own use the funds paid by AT&T pursuant to the master construction agreement.

---

[1] On November 13, 2009, Crown Management Project d/b/a Prince & Associates filed a chapter 7 petition and, on November 17, 2009, C. Prince & Associates Consulting, Inc. filed a chapter 7 petition. The Court is jointly administering these cases with the Debtor's personal bankruptcy pursuant to Bankruptcy Rule 1015.

3

On July 14, 2010, a grand jury indicted the Debtor in the United States District Court for the Eastern District of Texas on eighteen counts of perjury and five counts of bankruptcy fraud in connection with this bankruptcy case. He was convicted on all counts on December 9, 2010. The indictment, charge of the court, and verdict reflect the substance of the bankruptcy fraud convictions, as follows:

1. Knowingly and fraudulently concealing property belonging to the estate—namely real estate, an interest in the Clove L. Prince and Katherine M. Robinson Trust, or an interest in the Clovis L. Prince, Katherine M. Robinson and Tamika D. Prince Trust—from the creditors, custodian, trustee, or some person charged with the control or custody of the property in violation of 18 U.S.C. § 152(1);

2. Knowingly and fraudulently making a false oath or account—namely by falsely claiming at the creditors' meeting on December 14, 2009 that certain real estate transfers were made in the "normal" or "ordinary course of business" and/or that he was not a beneficiary of the Clovis L. Prince, Katherine M. Robinson and Tamika D. Prince Trust—in violation of 18 U.S.C. § 152(2);

3. Knowingly and fraudulently making false statements in schedules and statements of financial affairs—namely by failing to disclose property transfers, interests in real estate, interests in one or more trusts, interests in one or more bank accounts, and interests in one or more insurance policies—under penalty of perjury in violation of 18 U.S.C. § 152(3);

4. Knowingly and fraudulently withholding from a custodian, trustee, or other officer of the court or a United States Trustee entitled to its possession, recorded information—namely recorded information concerning the Clovis L. Prince, Katherine M. Robinson, and Tamika D. Prince Trust, one or more personal financial statements, one or more bank accounts, safe deposit boxes, and insurance policies—in violation of 18 U.S.C. § 152(9); and

5. Having devised or having intended to devise a scheme or artifice to defraud and—in acting with specific intent to defraud—making a false or fraudulent representation, claim, or promise concerning or in relation to the bankruptcy proceeding—namely, by failing to disclose property transfers, falsely denying the existence of interests in real estate and trusts, failing to disclose the existence of one or more bank accounts, failing to disclose an interest in one or more insurance policies, falsely claiming that family and friends had funded real estate mortgage payoffs, falsely

> denying the issuance of financial statements to financial institutions, and/or falsely claiming to be ignorant that non-existent assets had been pledged as security for a loan—in violation of 18 U.S.C. § 157(3).

## ANALYSIS

In its motion for summary judgment, AT&T argues that the Debtor's conviction establishes grounds for denying his discharge under §§ 727(a)(2)(A) & (B), (3) and (4)(A) & (D) of the Code. Issue preclusion generally applies when (1) the issue at stake in the pending litigation is the same as the issue in the initial litigation, (2) the issue was actually litigated, and (3) the determination of the issue in the initial litigation was a necessary part of the judgment. *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 290 (5th Cir. 2005). It is well established that a criminal conviction for a bankruptcy crime that is also a § 727 ground for denial of discharge will preclude the relitigation of the common factual issues. *See, e.g., Raiford v. Abney* (*In re Raiford* ), 695 F.2d 521, 522-23 (11th Cir. 1983); *Transamerica Premier Ins. Co. v. Chaplin* (*In re Chaplin* ), 179 B.R. 123, 126-27 (Bankr. E.D. Wis. 1995); *Flatau v. Stewart* (*In re Stewart* ), 186 B.R. 322, 325-27 (Bankr. M.D. Ga. 1995); *Ramsay v. Lloyd* (*In re Lloyd* ), 142 B.R. 866, 869-73 (Bankr. E.D. Ark. 1992).

Here, the elements of the Debtor's bankruptcy fraud convictions mirror those elements required to deny a bankruptcy discharge under § 727(a)(2)(A) and (B). The Debtor's convictions establish that there were transfers of property, belonging to the Debtor, before and after the Debtor filed for bankruptcy, performed with the intent to hinder, delay or defraud a creditor or an officer of the estate. *See, e.g., Pavy v. Chastant (In re Chastant),* 873 F.2d 89, 90 (5th Cir. 1989) (discussing the elements required to deny a discharge under § 727(a)(2)(A)); *Rouse v. Stanke (In re Stanke),* 234 B.R. 449, 456-57 (Bankr. W.D. Mo. 1999) (discussing the elements required under § 727(a)(2)(B)).

5

In addition, the Debtor's criminal conviction establishes grounds to deny the Debtor's discharge under § 727(a)(4)(A), which provides that a court "shall grant the debtor a discharge unless ... the debtor knowingly or fraudulently, in or in connection with the case ... made a false oath or account." *Beaubouef v. Beaubouef (In re Beaubouef),* 966 F.2d 174, 178 (5th Cir. 1992). False oaths sufficient to justify a denial of discharge include a false statement or omission in a debtor's schedules[2] as well as a false statement by a debtor at an examination of him during the case. *See id.*

In his response to AT&T's motion, the Debtor asserts that AT&T is not a creditor in his case. The Debtor, however, has not objected to AT&T's proof of claim and has failed to present any evidence supporting a genuine issue of material fact. The issues in the criminal action were actually litigated and were essential to his conviction for bankruptcy fraud. A jury made the underlying findings while applying the standard of "beyond a reasonable doubt." In a proceeding seeking denial of a discharge in bankruptcy, in contrast, the lower standard of "preponderance of the evidence" is all that is required. *In re Beaubouef,* 966 F.2d at 178. The Court, therefore, concludes that there exists "no special circumstance that would render preclusion inappropriate or unfair." *Copeland v. Merrill Lynch & Co. Inc.,* 47 F.3d 1415 (5th Cir. 1995).

In a sur-response, the Debtor requests a continuance of this adversary proceeding for the duration of his incarceration. The Debtor asserts that grounds exist for a continuance, because his incarceration has effectively denied him access to the books and records that would support a more detailed objection to AT&T's motion. The Court,

---

[2] Bankruptcy Rule 1008 provides that "[a]ll petitions, lists, schedules, statements of financial affairs, [etc.] shall be verified or contain an unsworn declaration as provide in 28 U.S.C. § 1746." *See* FED. R. BANKR. P. 1008.

6

having considered the Debtor's request, finds and concludes that the Debtor has failed to establish grounds for a continuance. AT&T's motion is not based upon matters of fact, but upon the Debtor's conviction and matters of law.

## CONCLUSION

For the foregoing reasons, the Debtor's request for a continuance of this adversary proceeding is **DENIED** and AT&T's motion for summary judgment is **GRANTED.** Resolution of this matter on summary judgment is appropriate based on the preclusive effect to be accorded the Debtor's criminal conviction. The Court will enter a separate judgment consistent with this memorandum opinion.

Signed on 03/09/2011

*Brenda T. Rhoades*   SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE